NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FELIX CRUZ MATAS,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-4848

Agency No.
A091-723-640

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 22, 2026
Seattle, Washington

Before: HAWKINS, CLIFTON, and R. NELSON, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge R. NELSON.

Felix Cruz Matas ("Cruz Matas") seeks review of a decision of the Board of

Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his

request for a judicial competency hearing. We have jurisdiction pursuant to

8 U.S.C. § 1252, and we deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The BIA did not abuse its discretion in affirming that there were insufficient indicia of incompetency to warrant a hearing under *Matter of M-A-M-,* 25 I&N Dec. 474 (BIA 2011). Competency means having "a rational and factual understanding of the nature and object of the proceedings," an ability to "consult with the attorney or representative if there is one," and "a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Id.* at 479.

"When there are indicia of incompetency, an Immigration Judge must take measures to determine whether a respondent is competent to participate in proceedings." *Id.* at 480. We have held that "serious mental illness, including hallucinations, bipolar disorder, and major depression with psychotic features" are "clear indicia" of incompetency. *Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017). But poor memory alone is not, *see Salgado v. Sessions*, 889 F.3d 982, 988 (9th Cir. 2018), and even "a diagnosis of mental illness does not automatically equate to a lack of competency." *Matter of M-A-M-*, 25 I.&N. Dec. at 480.

The facts here were not as clear as the indicia in prior cases where this Court remanded for a competency hearing. Cruz Matas's anxiety and depression fit the "types of mental illness that, even though serious, would not prevent a respondent from meaningfully participating in immigration proceedings." *See id.*

This case is also distinct from those where immigration courts erred by only considering outdated medical records. *See, e.g., Calderon-Rodriguez v. Sessions*,

2                                                                    25-4848

878 F.3d 1179, 1183 (9th Cir. 2018) (BIA abused its discretion relying on medical record that "was nearly a year old"). Here, the IJ considered medical records that were only two months old.

In addition, the IJ made thorough findings related to Cruz Matas's competence based on his demonstrated ability to represent himself. And while Cruz Matas's pattern of speech may have created difficulty for the interpreter, it did not reflect his inability to understand proceedings or present evidence. The IJ noted she was able to hear Cruz Matas, which supports the government's position that many of the untranslated sections of the transcript were due to the interpreter's phone and not Cruz Matas's speech pattern.

2. Cruz Matas's arguments on the *Franco-Gonzalez* injunction also fail. *See Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG (DTBx), 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014). First, the IJ's no-bona-fide-doubt determination did not improperly rely on Cruz Matas receiving help from his friend in collecting documents. The IJ relied on Cruz Matas's demonstrated ability to follow her instructions and file documents supporting his claims, not his friend's assistance.

Second, the IJ did not err in failing to hold a competency hearing after receiving a letter from a third-party attorney. The letter itself relied on the December 2, 2024, evaluation, which noted Cruz Matas suffers from anxiety, voices at night, and crying spells, but was "feel[ing] less anxious" and showed "no signs of mania,"

"does not want to harm himself at this time, does not have suicidal ideation at this time," "has never been seen appearing to be responding to internal stimuli," "[d]oes not display disorganized speech/behavior/thoughts," and is "[f]uture oriented." This evaluation fulfilled the requirement for a mental health assessment, while also supporting the determination that a Judicial Competency Inquiry was not required. *Id.* at *6. It also supported the IJ's no-bona-fide-doubt determination at Cruz Matas's removal hearing. *See id.*

3. Cruz Matas contends the IJ deprived him of due process by pausing translation while she explained her competency rulings. "To make out a violation of due process as the result of an inadequate translation, [Cruz Matas] must demonstrate that a better translation likely would have made a difference in the outcome." *Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 830 (9th Cir. 2002).

Cruz Matas relies on our decision in *Colmenar v. I.N.S*, 210 F.3d 967 (9th Cir. 2000). In *Colmenar*, we remanded the case because the IJ refused to permit the respondent to testify in support of his claims. *See id.* at 971. By contrast, here, the IJ gave Cruz Matas ample opportunity to present evidence and testify in support of his claims. Cruz Matas has not shown that the continuation of translation services would have likely made a difference in the outcome.

**PETITION DENIED.**[1]

---

[1] Petitioner's motion to stay removal [Dkt. No. 4], is DENIED as moot.  The temporary stay of removal shall dissolve upon issuance of the mandate.

*Cruz Matas v. Blanche*, No. 25-4848



FILED

JUL 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

R. NELSON, Circuit Judge, concurring in part and dissenting in part:

I agree fully with the judgment and reasoning of the majority on the merits. I disagree, however, that we should keep the temporary stay of removal in place until the mandate issues. Maj. Op. at 5 n.1. In my view, "when an opinion is filed which denies an alien's petition for review, there necessarily is no longer a 'probability of success on the merits.'" *Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851, 859 (9th Cir. 2004) (Beezer, J., concurring). As a result, "[f]rom the time of filing an opinion and thereafter, the court has no sound basis for further delaying the alien's removal or deportation." *Id.* I would therefore deny the request to stay removal. And I would decline to leave the temporary stay (which was only administratively entered by the clerk's office) in place until the mandate issues. No legal justification for any other approach has been offered.